IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHERINE C. SMOKOVICH,

        Plaintiff,

vs.                                             CIVIL NO. 11-30 MCA/LFG

WAL-MART STORES EAST, L.P.,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART WAL-MART'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant Wal-Mart Stores East, L.P.'s ("Wal-Mart") Motion to Compel [Doc. 25]. The Court considered the motion and response [Doc. 27]. No reply is necessary.

The sole issue remaining in this dispute concerns Interrogatory No. 21, which asked Plaintiff Catherine C. Smokovich ("Smokovich") to provide the date she retained counsel in this case. [Doc. 25, Ex. B.][1] Thus, the Court must determine whether Wal-Mart can compel Smokovich to disclose the date on which she retained legal counsel. The request is premised on the New Mexico Supreme Court's holding in Schein v. N. Rio Arriba Elec. Co-op, Inc., 122 N.M. 800, 932 P.2d 490 (1997), where the Court found that a request for the date when legal services were performed and general nature of legal services were not protected by the attorney-client privilege. [*See* Doc. 25, Ex. B.]

Smokovich responds that the information sought is privileged and relies on New Mexico Rule of Evidence 11-503(A)(4), which provides in part, "[t]he act of contacting or retaining a lawyer for the purpose of seeking professional legal services is a 'confidential' communication if not

---

[1] Plaintiff's response states that the attorneys resolved all discovery disputes raised in the motion to compel, save the one addressed above. [Doc. 27, ¶ 1.]

intended to be disclosed to third persons." Thus, she argues she should not be compelled to disclose the information.

The editors of Discovery Proceedings in Federal Court succinctly discuss the nature of the attorney-client privilege.

> The privilege of the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communications between attorneys and their clients (*citing* Cuno Inc. v. Pall Corp., 121 F.R.D. 198 (E.D.N.Y. 1988.)) The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client. It rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out. (*citing* Upjohn Co. v. United States, 449 U.S. 383 (1981)).

Discovery Proceedings in Federal Court, § 28.01, p. 244 (3d ed.)

The privilege, however, only protects disclosure of confidential communications. *See* In re Grand Jury Proceedings, 616 F.3d 1172, 1182 (10th Cir. 2010) (attorney-client privilege protects "confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor") (internal citations omitted). In this case, Wal-Mart does not seek information concerning what the attorney told Smokovich; it does not wish to learn the advice given; and it does not ask for any information concerning the content of attorney-client discussions. Rather, Wal-Mart simply seeks information concerning the date on which counsel was retained.

> The privilege does not foreclose inquiry into the general nature of a lawyer's activities on behalf of a client, the conditions of the lawyer's employment, or any of the external trappings of the relationship. The privilege is concerned only with confidential communications, not with the structural framework within which they are uttered. *(citing* Schachar v. American Academy of Opthalmology, Inc., 106 F.R.D. 187 (N.D. Ill. 1985)). *It does not prohibit discovery of the fact of*

2

> *representation itself, or the dates upon which services are rendered, as long as the substance of the attorney-client relationship is shielded from disclosure.* In short, while the substance of the relationship must remain confidential, the outline of the relationship itself may be discovered. (*citing* In re LTV Securities Litigation, 89 F.R.D. 595 (N.D. Tex 1981)).

Discovery Proceedings in Federal Court, § 28.04, p. 247 (emphasis added).

Here, it is clear that Wal-Mart does not seek to invade the confidential discussions between Smokovich and her attorneys, but the fact or date of representation may well be relevant to claims and defenses in this case. *See* Fed. R. Civ. P. 26 (discussing relevancy). For example, the information provided by Smokovich to her healthcare providers, after she is represented by counsel, may affect the way she relates information concerning the accident or her physical condition. Further, as the "interest, bias and prejudice" of a witness is always relevant, it is perfectly appropriate for Wal-Mart to explore whether Smokovich's recitation of factual history or information provided to others is in any way colored by the fact that she is bringing an action for monetary damages. Finally, Smokovich cannot convincingly argue that her act in contacting or retaining a lawyer was intended to be confidential when the retention of the lawyer resulted in Smokovich herself disclosing the fact of representation by filing this lawsuit.

The Court determines that Smokovich's objections are not well-taken, and that the information sought by Wal-Mart is not subject to the attorney-client privilege. Thus, the motion to compel is granted in part. Smokovich is directed to fully respond to Interrogatory No. 21 within ten days after entry of this Order.

Because the parties resolved all other discovery disputes raised in the motion to compel, the motion, as to those matters, is denied as moot.

SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge